1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NORDSTROM, INC.,                        )
                                        )
                        Plaintiff,      )   No. C10-0211RSL
                                        )
         v.                             )   ORDER GRANTING DEFENDANT
                                        )   DOBSON'S MOTION FOR
GAIL RALLS, *et al.*,                   )   SUMMARY JUDGMENT
                                        )
                        Defendants.     )
_____)

14        This matter comes before the Court on "Defendant Robert Dobson's Motion for

15 Summary Judgment on Cross Claim."  Dkt. # 14.  Defendant Dobson asks the Court to find that

16 he is the beneficiary of all benefits payable under the Nordstrom 401(k) pension plan as a result

17 of the death of his half sister, Kimberly A. Dobson.  Defendant Dobson requests the Court to

18 order that the balance of the pension account be paid to him and seeks to reserve the issue of

19 attorney's fees for a later motion.

20        Nordstrom's 401(k) plan is governed by the Employee Retirement Income

21 Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*  Complaint at ¶ 1 (Dkt. # 1).  The

22 Court has jurisdiction over this matter under 29 U.S.C. §1132(e).  Pursuant to ERISA, the plan

23 participant or the terms of the plan may designate a beneficiary who is or may become entitled to

24 benefits.  29 U.S.C. §1002(8).  Section 9.3-1 of the Nordstrom 401(k) plan permits an employee

25 to designate a beneficiary in writing who will receive the amount payable under the plan upon

26
ORDER GRANTING DEFENDANT DOBSON'S
MOTION FOR SUMMARY JUDGMENT

the employee's death.  Brian L. Parker Decl. in Support of Motion, Ex. A (Dkt. # 14).  If an employee does not designate a beneficiary, section 9.3-4 provides a prioritized list of relatives entitled to the funds.  Brian L. Parker Decl. in Support of Motion, Ex. A (Dkt. # 14).

Ms. Dobson was a Nordstrom employee and participated in the employer's 401(k) plan.  Complaint at ¶ 7 (Dkt. # 1).  She died on June 30, 2009.  Complaint at ¶ 8 (Dkt. # 1).  On July 13, 2009, defendant Gail Ralls contacted Nordstrom requesting confirmation that Ms. Dobson had designated him as her beneficiary and asking for a lump sum payment of the benefits.  Complaint, Ex. C (Dkt. # 1).  Mercer, an entity which apparently assists Nordstrom in administration of the 401(k) plan, transferred the balance of decedent's benefits into an account in defendant Ralls' name.  Complaint at ¶¶ 9, 13 (Dkt. # 1).  On November 23, 2009, defendant Dobson contacted Mercer, identified himself as Ms. Dobson's brother, and inquired about her benefits.  Complaint at ¶ 14 (Dkt. # 1).  After receiving this information, Nordstrom instructed Mercer to freeze the account containing Ms. Dobson's 401(k) funds, from which defendant Ralls had already withdrawn $75,697.09.  Complaint at ¶¶ 13, 14 (Dkt. # 1).  Nordstrom notified defendant Ralls that the account had been frozen and requested the immediate return of the funds withdrawn from the account.  Complaint at ¶ 16, Ex. E (Dkt. # 1).  Defendant Ralls refused to return the funds, contending that Ms. Dobson had designated him as her beneficiary.  Complaint at ¶ 16 (Dkt. # 1); Response at 1 (Dkt. # 15).  The value of the benefits payable under Ms. Dobson's 401(k) account as of February 1, 2010, was $168,844.04.  Complaint at ¶ 10 (Dkt. # 1).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law.  The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine dispute as to any material fact (Fed. R.

ORDER GRANTING DEFENDANT DOBSON'S
MOTION FOR SUMMARY JUDGMENT         -2-

Civ. P. 56(a)-(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In response to a motion for summary judgment, the opposing party must, by affidavit, declaration, or other admissible evidence, establish the presence of a genuine dispute. See Fed. R. Civ. P. 56(c). An affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Black's Law Dictionary, 62 (8th ed. 2004). Anything that may be proved through an affidavit "may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated...." 28 U.S.C. § 1746. An affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Hearsay evidence is not admissible except as provided by the rules of evidence or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

Defendant Dobson provides considerable evidence establishing himself as the surviving relative entitled to Ms. Dobson's pension benefits. See Robert Dobson Decl. in Support of Motion (Dkt. # 14). In response to defendant Dobson's request for the production of Ms. Dobson's last signed beneficiary designation, Nordstrom states that "[t]here is no record that Ms. Dobson ever signed a written beneficiary designation...." Brian L. Parker Decl. in Support of Motion, Ex. A at 2 (Dkt. # 14). Defendant Dobson therefore meets his initial burden by

ORDER GRANTING DEFENDANT DOBSON'S
MOTION FOR SUMMARY JUDGMENT           -3-

establishing that there is no genuine dispute as to whether Ms. Dobson designated defendant Ralls as her beneficiary.

Defendant Ralls fails to provide any admissible evidence that he is the appropriate beneficiary. Defendant Ralls' statement in response does not meet the requirements set out in Fed. R. Civ. P. 56(c). Although labeled "Affidavit," the document lacks any indication that defendant Ralls swore to the truth of the facts before a notary public. See Response at 1 (Dkt. # 15). Nor does the statement meet the requirements of an unsworn declaration because defendant Ralls did not date the document or declare that it is true under penalty of perjury. Even if this statement were a proper affidavit or unsworn declaration, the statements therein are inadmissible. The response relies largely on hearsay statements made by Ms. Dobson, Nordstrom, and Mercer, which are inadmissible under Fed. R. Evid. 802. Although defendant Ralls also cites the fact that the money was placed in his name as evidence showing that Ms. Dobson must have designated him as her beneficiary, Nordstrom affirmatively states that it does not have any record of Ms. Dobson designating a beneficiary. Brian L. Parker Decl. in Support of Motion, Ex. A at 2 (Dkt. # 14). Defendant Ralls does not offer any admissible evidence to refute that statement.[1]

---

[1] Defendant Ralls complains that he is "a former contractor. Not a lawyer or a paralegal." Response at 1 (Dkt. # 15). He has had plenty of time to obtain legal counsel, and his decision to proceed pro se cannot justify the Court ignoring his failure to present admissible evidence under the rules of procedure and evidence. The discovery cutoff was September 5, 2010, and his failure to pursue discovery also cannot be ignored.

ORDER GRANTING DEFENDANT DOBSON'S
MOTION FOR SUMMARY JUDGMENT           -4-

For all of the foregoing reasons, defendant Dobson's motion for summary judgment is GRANTED. Defendant Dobson is the beneficiary of all benefits payable under the Nordstrom 401(k) pension plan. All plan benefits shall be paid to Robert Dobson at his attorney's address. Issues related to attorney's fees and costs are reserved. Because Nordstrom, Inc., has not asserted a claim to recover funds retained by defendant Ralls in this litigation, defendant Ralls is hereby dismissed.

Dated this 7th day of December, 2010.

*[signature]*

Robert S. Lasnik
United States District Judge